PER CURIAM.
William Clairvin appeals the denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850.[1] We affirm the denial of Grounds One, Two, and Three without further discussion, but for the reasons that follow, we reverse that portion of the order summarily denying Ground Four.
In Ground Four, Clairvin argues that his trial counsel was ineffective for failing to request a limiting instruction that would have required the jury to consider the videotaped statement of the co-defendant for impeachment purposes only. The trial court summarily denied this ground after concluding that Clairvin was not entitled to a limiting instruction because the post-arrest statement was ad *194 mitted as substantive evidence under the recorded recollection exception to the hearsay rule. See § 90.803(5), Fla. Stat. This was error.[2]
In Florida, the admission of past recollection recorded under section 90.803(5) requires the witness to do two things: First, indicate that the statement was made at a time when the events were fresh in his or her mind, and second, attest to the accuracy of the memorandum or record. See Polite v. State, 116 So.3d 270, 278 (Fla.2013). Because the record attachments to the order denying Clairvin’s motion do not support a finding that the prior recorded statement of the codefendant was admissible as substantive evidence under section 90.803(5),[3] and because the record excerpts do not otherwise refute Clairvin’s facially sufficient claim, we reverse that portion of the trial court’s order summarily denying Ground Four, and remand for attachment of portions of the record conclusively refuting that ground or for an evidentiary hearing. See Freeman v. State, 761 So.2d 1055, 1061 (Fla.2000) (“[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient.”).
AFFIRMED, in part, REVERSED, in part, and REMANDED.
SAWAYA, PALMER and BERGER, concur.

. Clairvin was convicted after a jury trial of Robbery with a Firearm (Counts 1 and 2), Attempted Robbery with a Mask (Count 3), Kidnapping (Counts 4, 5, and 6), and Aggravated Battery (Count 7). He was sentenced to serve 20 years concurrent on each of Counts 1, 2, 4, 5, and 6, and to 15 years of probation on Counts 3 and 7, which were ordered to run concurrent with each other but consecutive to Counts 1, 2, 4, 5, and 6. His judgment and sentence was affirmed on appeal. See Clairvin v. State, 56 So.3d 854 (Fla. 5th DCA 2011).

. The statement was properly admitted for impeachment purposes as a prior inconsistent statement. See Morton v. State, 689 So.2d 259, 264 (Fla.1997), receded from in part on other grounds, Rodriguez v. State, 753 So.2d 29, 47 (Fla.2000).

. The record reveals that the codefendant did not attest to the accuracy of the portion of his statement implicating Clairvin.